**CITYTRUST COMPANY**

v.

**M. Mac SCHWEBEL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 1, 1991.

Decided Feb. 26, 1991.

William W. Willard, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Richard W. Elliott, Elliott & Elliott, Boothbay Harbor, James W. Gallagher, Gallagher & Stein, Damariscotta, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendant M. Mac Schwebel appeals from the entry of summary judgment in Superior Court (Cumberland County, *Alexander, J.*) in favor of plaintiff Citytrust Company. The judgment ordered defendant either to return an airplane to plaintiff or pay the outstanding balance of a loan secured by the airplane. On appeal, defendant argues that summary judgment was granted in error because genuine issues of fact were presented concerning the balance due on the loan and the validity of plaintiff's security interest. Finding no error, we affirm the judgment.

Plaintiff filed a complaint for replevin alleging that it held a security interest in an airplane owned by John O'Keefe and that its interest was perfected by filing a financial statement in the office of Maine's Secretary of State. It further alleged that the aircraft was seized by defendant, a judgment creditor of O'Keefe, and purchased by defendant at a sheriff's sale. Prior to the sale, plaintiff notified defendant of its security interest and was informed that it would be paid in full from the proceeds of the sale. Receiving no payment, plaintiff demanded the plane or payment, and defendant refused to comply. After defendant filed an answer to the complaint, plaintiff moved for summary judgment. It supported its request with an affidavit from O'Keefe and from one of plaintiff's corporate officers. Essentially, the affidavits track the allegations in the complaint and establish that the outstanding balance on the loan is in the amount of $22,368.66. Defendant responded to the request for summary judgment by filing an affidavit of defense counsel in which he states that during the first week after the plane was seized, he called plaintiff's offices and was informed that "a search of company records failed to reveal any open account regarding the aircraft." He acknowledges in the affidavit, however, that later in that same week he was contacted by plaintiff's counsel and advised that the financing statement on file in Maine represented a valid lien with an outstanding account balance. On this record, the Superior Court granted summary judgment in favor of plaintiff.

■ Defendant argues on appeal that a genuine issue of fact is presented concerning the outstanding loan balance. He

notes that in the affidavit filed by the airplane owner, the description of the original loan reveals a $3,000 discrepancy between the total amount of the loan and the breakdown of principal and interest due over the full term of the loan. Defendant ignores the fact that plaintiff's affidavits support the court's finding with regard to the outstanding balance and that his affidavit includes no contrary assertions.

■ Defense counsel states in his brief, but not in his affidavit, that he removed certain navigational equipment from the airplane. Accordingly, he argues that there is an issue of fact whether the equipment was permanently attached to the airplane and subject to the security interest. Finally, he argues that because the owner's affidavit states that he is a resident of New York there is a genuine issue of fact as to "which state law governs the lien perfec-

tion."[1] Neither of these two issues finds any evidentiary support in defense counsel's affidavit. The brief filed in the Law Court is not an appropriate vehicle for generating genuine issues of fact in resisting a motion for summary judgment.

The remaining issues on appeal are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.

---

1. Defendant raises no question concerning plaintiff's failure to provide evidence that its financing statement was filed in accordance with the requirements of 49 U.S.C.A. App. § 1403 (1976). In its brief, plaintiff states that it filed a financing statement with the Federal Aviation Title and Guaranty Company. We have no occasion to discuss filing requirements for perfecting a security interest in a civil aircraft.